UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
LAWRENCE COLEMAN,

|                                          |                          |
|------------------------------------------|--------------------------|
| Plaintiff,                               | **CV-16-3462**           |
|                                          | **(SJF)(SIL)**           |
| -against-                                |                          |
|                                          |                          |
| TOWN OF HEMPSTEAD, and TOWN OF HEMPSTEAD | **ANSWER**               |
| SANITATION DEPARTMENT,                   |                          |
|                                          |                          |
| Defendants.                              |                          |

---------------------------------------------------------------------- x


Defendant, THE TOWN OF HEMPSTEAD and TOWN OF HEMPSTEAD SANITATION DEPARTMENT (hereinafter "Town"), by its attorneys, BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C., as and for its Answer to the Complaint herein, respectfully allege as follows:

### AS AND FOR AN ANSWER TO PRELIMINARY STATEMENT

1.      Town denies each and every allegation set forth in paragraph "1" of the Complaint except to aver that Plaintiff has been employed by the Town since June 27, 2005.

2.      Town denies each and every allegation set forth in paragraph "2" of the Complaint, and respectfully refers all questions of law to the Court.

### AS AND FOR AN ANSWER TO JURISDICTION AND VENUE

3.      Neither admit nor deny the allegations set forth in paragraph "3" of the Complaint and respectfully refers all questions of law to the Court.

4.      Neither admit nor deny the allegations set forth in paragraph "4" of the Complaint and respectfully refers all questions of law to the Court.

-1-

## AS AND FOR AN ANSWER TO PARTIES

5.     Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, and deny that Plaintiff is still employed by the Town.

6.     Town admits the allegations set forth in paragraph "6" of the Complaint.

7.     Town denies the allegations set forth in paragraph "7" of the Complaint except to aver that the administration offices of the Town of Hempstead's Department of Sanitation are located at 1600 Merrick Road, Merrick, New York.

## AS AND AS FOR AN ANSWER TO FACTUAL ALLEGATIONS

8.     Town denies the allegations set forth in paragraph "8" of the Complaint, except to aver that Plaintiff worked for the Town for approximately ten (10) years.

9.     Town denies the allegations set forth in paragraph "9" of the Complaint, except to aver that Plaintiff did not achieve the annual 1600 hours necessary to be eligible for a full time position until 2013, nor did he take any civil service examinations that would make him eligible for any full time position.

10.     Town denies the allegations set forth in paragraph "10" of the Complaint, except to aver that Plaintiff was laterally transferred from the Town's Merrick location to its Oceanside location.  At all relevant times during Plaintiff's employment with the Town, his title was Laborer I.

11.     Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.     Town denies the allegations set forth in paragraph "12" of the Complaint.

13.     Town denies the allegations set forth in paragraph "13" of the Complaint, except to aver that Plaintiff was reassigned to the Merrick location.

14.     Town denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint, except to aver that the supervisors at the Merrick location were Thomas Metzger and Thomas Cacciapaglia.

15.     Town denies the allegations set forth in paragraph "15" of the Complaint.

16.     Town denies the allegations set forth in paragraph "16" of the Complaint.

17.     Town denies the allegations set forth in paragraph "17" of the Complaint, except to aver that Plaintiff voluntarily resigned from employment with the Town on or about April 9, 2015.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**
**FIRST AMENDMENT RETALIATION – FREE SPEECH**

18.     Town denies the allegations set forth in paragraph "18" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**
**FIRST AMENDMENT RETALIATION – ASSEMBLY**

19.     Town denies the allegations set forth in paragraph "19" of the Complaint.

**AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION**
**AGE DISCRIMINATION**

20.     Town denies the allegations set forth in paragraph "20" of the Complaint, except to aver that Plaintiff cannot make out a *prima facie* case for age discrimination as he was 28-years old upon his voluntary resignation from the Town's employment.

**AS AND FOR AN ANSWER TO DEFENDANT'S LIABILITY**

21.     Town denies the allegations set forth in paragraph "21(a), (b) and (c)" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

22.     The Complaint fails to state a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

23.     None of the acts complained of herein were taken pursuant to an official policy, custom or practice of the Town and accordingly, the Complaint fails to state a cause of action upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

24.     Plaintiff has sustained no damages and in any event has failed to mitigate any damages allegedly sustained.

## FOURTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred in whole or in part to the extent that the Town's actions were not the proximate cause of the harms alleged.

## FIFTH AFFIRMATIVE DEFENSE

26.     Upon information and belief, in the event the Plaintiff is found to have sustained any injury as alleged in the Complaint, all of which is expressly denied, then the injuries sustained or not as a result of any culpable conduct of Town, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportioned to the culpable conduct of the Plaintiff which contributed to or caused Plaintiff's injury.

## SIXTH AFFIRMATIVE DEFENSE

27.     Pursuant to the *Monell* doctrine, the Town cannot be held liable for the acts of its employees solely on the basis of respondeat superior in a 42 U.S.C. § 1983 action, and consequently the Town cannot be liable for the acts or conduct of any individual employee, as  a matter of law.

## SEVENTH AFFIRMATIVE DEFENSE

28.     At all relevant times, the Town acted in good faith and in full accordance with the law.

## EIGHTH AFFIRMATIVE DEFENSE

29.     If Plaintiff sustained damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the conduct of Plaintiff without any actions on the part of the Town contributing thereto.

## NINTH AFFIRMATIVE DEFENSE

30.     Plaintiff's constitutional rights have not been violated.

## TENTH AFFIRMATIVE DEFENSE

31.     The actions complained of were reasonable and in full accord with the applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE

32.     At all applicable times herein, Town, its agencies, departments and employees enjoyed full, partial or qualified immunity from suit.

**WHEREFORE,** Defendant respectfully demands that Plaintiff's complaint be dismissed in its entirety with prejudice inclusive of his wherefore paragraphs (a) and (b), and for all other relief that the Court deems just and proper.

Dated:  Garden City, New York
        August 22, 2016

                                        Yours, etc.

                                        BERKMAN, HENOCH, PETERSON,
                                        PEDDY & FENCHEL, P.C.


                                        By:_____/s/_____
                                              Donna A. Napolitano
                                        *Special Counsel to Defendant, Town of Hempstead*
                                        100 Garden City Plaza
                                        Garden City, New York 11530
                                        (516) 222-6200



TO:     Jonathan A. Tand, Esq.
        *Attorneys for Plaintiff*
        Jonathan A. Tand & Associates
        990 Stewart Avenue, Suite 130
        Garden City, New York 11530